The facts justified the charge given, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered February 13, 1883.]

Chief Justice WILLIE did not sit in this case.

---

A. P. LUFKIN v. CITY OF GALVESTON.

(Case No. 1437.)

1. TAXATION.— It was the purpose of the city charter of the city of Galveston, and of its ordinances on the subject, to make the cost of the local improvements in the construction of a sidewalk a lien or charge on the lot adjoining, the collection of which could be enforced by a sale of the property.

2. SALE OF HOMESTEAD FOR TAXES.— Art. XVI, sec. 50, of the state constitution makes no difference between the homestead and any other real property as to its liability to be sold for taxes that may be due on it; nor does it draw any distinction between general and special taxes to which it may be subject.

3. SAME.— The homestead is not protected by the constitution from forced sale for lawful taxes that may be due on it. While that instrument throws the most ample protection around the homestead, it clearly intends that in return it shall bear its just proportionate share of the burdens imposed by government, and it is liable, as other real property, to all taxes, state, county or municipal, that are justly and lawfully laid on the property of the citizen.

4. SAME — EVIDENCE.— In a suit for the collection of taxes, when the regularity of the assessment of the taxes was conceded by the defendant, the plaintiff was not required to make proof as to the details of the assessment.

5. TAXATION.—The power of the legislature to authorize a municipal government to levy a local tax without prescribing some just and equitable rule of apportionment, though discussed in this case by counsel, was not decided, because the question was not before the court in such form as to justify its decision.

APPEAL from Galveston.    Tried below before the Hon. Wm. H. Stewart.

Suit was brought by the appellee (plaintiff below) on the 3d day of May, 1880, in the district court of Galveston county against the appellant, to recover of him the sum of $1,297.34, with interest at ten per cent. per annum from December 31, 1874, on $1,024.19, and on $251 from the 15th of January, 1875, for the cost of construction of certain sidewalks alleged to have been constructed by the plaintiff, the city of Galveston, and finished and completed in front of defendant's lots in the city of Galveston.    It was claimed that the work was done under authority of an ordinance of the city of Galveston, and amendments thereto, passed February 3, 1874, and May 7, 1874, under authority of the charter of the city of Galveston, passed on the 16th of May, 1871, the charter being now repealed, 2d day of August, 1876, which was set out in petition, and amendments thereto passed on the 18th of May, 1875.

A further statement of the pleadings and facts is unnecessary, the important point decided being the liability of the homestead to forced sale for the payment of a special tax levied by a city government.

*Trezevant & Franklin,* for appellant.

On behalf of appellant, we respectfully submit, as sustained both upon principle and by authority, the following propositions:

I.    That the provisions of the charter, exacting from the owner of the abutting lot the cost of the work in front of the lot, can be sustained only under the police power, and not under the taxing power of the government; that the distinction is one of substance and not of form, and the proceedings in the nature of a local assessment, alleged by appellee, fail to show compliance with conditions precedent, without which a charge imposed under the police power cannot be enforced against the lot or against the owners.

II.    Whatever may be the rule as to the validity of a local assessment without opportunity offered to contest the same, or as to the necessity for notice of the assessment, where neither charter or ordinance required personal notice, a charge under the police power for the cost of constructing a sidewalk in front of the lot is based on the idea of a duty required of the owner by reason of his relationship to the property and to the public; and personal notice, not of assessment, but notice to construct, is a condition precedent without which neither the owner or his property can be charged.

III.    That the ordinance providing for an assessment against each

lot or fractional lot of "its proper or *pro rata* portion of the cost of the filling, raising, curbing and paving" of "each sidewalk in each separate block," is repugnant to the provision of the charter directing that "the cost of the construction of sidewalks shall be defrayed by the owners of the lot or part of lot or block fronting on the sidewalk."

IV. That the charter imposed upon the city the duty of ascertaining the exact cost of the work in front of each lot; and that the city, by accepting bids of contractors to do the filling, raising, curbing and paving, for bonds of said city, instead of providing for cash bids, has rendered it impossible to ascertain the exact cost; that a *quantum meruit* cannot be sustained, and the city cannot recover.

V. The exception in the constitution by which a forced sale of the homestead for the "taxes assessed thereon" is permitted, cannot be extended by construction to include either local assessments or charges under the police power for construction of sidewalks.

VI. That limitation runs against a municipal corporation; that the liability for the cost of sidewalks is made by the statute a personal charge against the owner of the abutting lot, and the statutory charge thus created is analagous to a debt evidenced by a specialty, or other contract in writing, and is barred by the statute of four years.

. . . X. If our view, that the construction of the sidewalks under the charter is a duty required of the lot owner under the police power, is sustained, argument to show that the permission conveyed in the constitution to sell the homestead at forced sale for the assessed "taxes thereon" does not authorize a sale to enforce the collection of the cost of sidewalks, is unnecessary — the charge being in no sense a tax assessed on the property, and the power to prescribe penalties for the non-performance of the duty enjoined affording ample means for enforcing the provision of the charter that the owner of the lot shall pay for his sidewalks.

Even should it be held that the charter authorizes a local assessment, we submit that the authorities in our own state, as well as those of other states, hold that the general provisions of the constitution on the subject of taxation do not apply to local assessments. The word "taxes" used in this section of the constitution refers to the exaction from the citizen or from his property of that portion of his property which he in common with other citizens is required to contribute to the support of the government.

We submit that the reason of the exception in favor of "taxes

assessed" on the homestead is obvious, and that it is because taxes are necessary and indispensable to the support of the government. This exception was made to avoid any curtailment of the means of support essential to the existence of the state. But while local assessments are sustained under the taxing power, they are not founded upon necessity; they are made, as stated by Cooley (p. 416), "upon the assumption that a portion of the community is to be specially and peculiarly benefited in the enhancement of the value of property peculiarly situated as regards a contemplated expenditure of public funds." This author also states that "the idea that the property will be increased in value by the expenditure to an amount at least equal to the sum exacted, underlies all these levies." To hold a homestead liable and subject to sale not founded upon necessity, but merely for the advantage or benefit of a given locality or district, is, we protest, a violation of the letter and spirit of the constitution. Taxes are demanded because they are indispensable to the life of the government; local assessments for the improvement of the locality.

It has been repeatedly and correctly held that an exemption of property from taxation does not exempt it from the payment of local assessments; also that the authority to levy taxes does not confer the power to impose local assessments; and on this same principle we submit that the power to sell the homestead for the taxes assessed thereon does not authorize a sale for a local assessment.

*Edward T. Austin*, also for appellant.

. . . VII. The property being the homestead of defendant, and occupied by him with his family at the time the assessment was made and at the time of the decree, could not be incumbered by the corporation with a lien so as to subject the same to forced sale in separate parcels to satisfy said liens. Const. of 1870, sec. 14, art. XII; Laws of 1870, ch. 76, p. 127; Const. of 1875, secs. 50 and 51, art. XVI.

*H. K. Mann*, for appellee.

I. Under the charter and ordinances the city of Galveston had the power to make the assessment bear ten per cent. interest. Galveston v. Heard, 54 Tex., 420–450.

II. A local assessment is an exercise of the taxing power. Burroughs on Taxation, 459; The People v. The Mayor of Brooklyn, 4 N. Y., 420.

III. A local assessment is a species of tax, and is within the reason of the constitutional provision in regard to the liability of the homestead for taxes.  Galveston v. Heard, 54 Tex., 450.

WEST, ASSOCIATE JUSTICE.— This suit was pending in the district court when the cases of the City of Galveston v. Heard, 54 Tex., 420, and City of Galveston v. Loonie, 54 Tex., 517, were decided by this court.  These two cases, together with the case of Roundtree v. City of Galveston, 42 Tex., 612, and that of Allen v. City of Galveston, 51 Tex., 302, and perhaps some other cases, virtually decided nearly all the questions that were expressly raised by the pleadings of the parties, or that were then much pressed below.

These cases were evidently before the counsel when this cause was tried in the district court.  The questions as to the statute of limitations, as to interest, as to the issuance of bonds by appellee and the cost of the improvements, and as to the power of appellee, under the charter of 1871 and its ordinances, to improve its streets and sidewalks, and to levy assessments on the property to pay the costs of such improvements, are all in effect determined in the cases referred to.

The important question as to the power of the legislature to levy or to authorize the levy of a local assessment, without prescribing some just and equitable rule of apportionment, is not before us in this case in such form as to require or even justify its decision.

The original pleadings do not seem to have been framed with a view to raising it directly; and while the question, though in one sense involved in both the case of Heard and Roundtree against the city of Galveston, cannot be said to have been passed on by the court in these cases, yet we do not regard it as now fairly before us for determination in this case.

In view of the fact that many of the questions originally raised have been fairly disposed of on the trial below, an agreement was made with the purpose of confining the issues in this case to a few practical questions which were then regarded as the most important. To simplify matters, it was agreed that the work was done by the city through its contractors.  It was also conceded that the assessments made by the authority of the city on the lots in question were regular.  It was agreed that the entire controversy in the case should be narrowed down to the main issues raised by the pleadings, viz., "homestead, bad work and shell pavement" put down by appellant, and in accordance with the ordinances in force at the time that the pavement was placed there by appellant.

Under this state of facts, the appellee having conceded that the assessments against his property were regularly made, the appellee was not bound to prove more in that direction. Other and further proof as to the details of the assessment were unnecessary. It may be that but for this agreement the appellee would have introduced evidence as to the process and manner in which this assessment was made. At least we are not authorized, under the facts of this case, to assume that the sum demanded of each person did not have a fixed relation to the whole tax, as well as to that demanded of each other lot owner, or laid upon every piece of property situated within the limits or taxing district, prescribed by the second section of the ordinance under consideration.

As to the shell pavement originally laid down by appellant, evidence was introduced on this point that was too conflicting in its character as to the existence of the facts to justify us in holding that the court committed any material error in disposing of the matter. The question raised, that those assessments when regularly made do not constitute a lien on the property supposed to be directly benefited, has already been disposed of.

The question as to whether a homestead can be subjected to sale for the purpose of satisfying the lien created by these taxes or assessments for local improvements was raised but not decided in the case of Galveston v. Heard, 54 Tex., 420. In that case the court held that it was the purpose of the city charter and ordinances on the subject to make the cost of the local improvement a lien or charge on the lot, the collection of which could be enforced by a sale of the property.

The constitution of the state (art. XVI, sec. 50) makes no difference between the homestead and any other real property as to its liability to be sold for taxes that may be due on it. Nor does it draw any distinction between general and special taxes to which it may be subject. The plain import of its terms is, that it is not protected from forced sale for lawful taxes that may be due on it. This instrument throws the most ample protection around the homestead. In return it clearly intends that it shall bear its just proportionate share in the burdens imposed by the government. It was intended to be alike liable as other real property to all taxes, state, county or municipal, that could under its restrictions be justly and lawfully laid upon the real estate of a citizen.

Under the pleadings and facts of the case, the judgment of the court below should be affirmed, and it is so ordered.

AFFIRMED.