## E. P. McMICKLE v. J. F. ROCHELLE ET AL.

### Decided February 3, 1910.

**1.—Taxation—Rendition—Description of Land.**

The statutory requirements as to the description of land in listing it for taxation are for the protection of the owner in an attempt of the State or municipality to enforce collection. Where the owner has himself rendered it under a description identifying it and accepted by the taxing officers, the government can not complain of an omission in such requirements.

**2.—Same—Lots—Rendition by Acreage—Case Stated.**

The owner of a tract of land adjoining a city laid it off in blocks and lots and the city limits were extended to include it. Having sold off part of the lots, he rendered and valued the unsold portion, by acreage, as a part of the original survey, not designating it by lot and block, and this was accepted without objection by the assessor and board of equalization, and the taxes so assessed paid by the owner. A succeeding assessor, finding the lots unrendered under their description as such, placed them on the unrendered list and assessed taxes against the "unknown owner," and in suits against the unknown owners the lien was foreclosed and sale ordered, all without the knowledge of the owner. Held that the first rendition, assessment, and pay-

ment by the owner were valid as against the city and sale of the lots under the judgment against unknown owners should be enjoined.

### 3.—Same—Double Assessment—Injunction.

Under Article 52,321, Revised Statutes, the owner may enjoin a sale of lands for taxes where the tax has been paid by him under a different assessment. The District Court was, it seems, without authority to decree foreclosure of the tax lien of a double assessment in such case. But, if its judgment be held not void but voidable, the proceeding by injunction was a direct attack on it, and maintainable.

Appeal from the District Court of Bowie County. Tried below before Hon. P. A. Turner.

*Smelser & Vaughan,* for appellant.—Where the owner of property is known or can be ascertained by the use of the diligence required by the statute, a judgment against "unknown owners" rendered on service by publication is void. Wren v. Scales, 103 Texas, 304.

*Rodgers & Dorough,* for appellees.—The court having found, as a matter of fact, that the city, acting through its officers, pursued the legal path leading up to the judgment assailed, the injunction granted was properly dissolved. Hollywood v. Wellhausen, 28 Texas Civ. App., 540; Gibbs v. Scales, 54 Texas Civ. App., 96.

HODGES, ASSOCIATE JUSTICE.—The appellant is the owner of a number of lots situated in what is called the Highland Park Addition to the city of Texarkana, Texas. These lots are a part of an original tract of 45 or 50 acres forming a portion of the William Jenks survey owned by the appellant since sometime prior to 1888. During that year this tract of land was laid off by appellant into blocks and lots. It was then outside of the corporate limits of the city of Texarkana, but in 1894 the city limits were extended so as to include it. On the first day of January, 1907, all of the lots had been sold except about 63. These were listed by the appellant with the assessor of the city for taxation for that year as 15 acres of the William Jenks survey, valued at $3,000. The rendition was accepted by the assessor without objection, and none was made to the valuation or the assessment by the board of equalization. In April, 1907, the term of the assessor to whom the property had been rendered expired and another was elected to the position. The latter, upon looking over his books, found that 45 of the appellant's lots situated upon the land above referred to did not appear to have been rendered for taxation, and he assessed them as unrendered property against unknown owners. Appellant knew nothing of this latter assessment, and at the proper time paid his taxes under the assessment originally made. No taxes having been paid under the second assessment against the unknown owners, the lots were placed upon the delinquent list. During the following year forty-five suits were filed by the city for the collection of taxes claimed to be due from forty-five of the lots. The suits were brought against the unknown owners, citations were issued and published as required by law in such cases, and in December, 1908, judgments in all of them were rendered in favor of the city for the taxes claimed. Orders of sale were issued and placed in the hands of

the appellee J. F. Rochelle, the sheriff of Bowie County, who proceeded to advertise the property for sale. Appellant knew nothing of these suits till after the judgments were rendered and the lots were advertised. Shortly after ascertaining these facts he instituted this suit, asking that the sales be enjoined and the judgments mentioned be set aside. A temporary restraining order was granted upon the presentation of the petition, but on final hearing this was dissolved and the injunction asked for refused.

The testimony shows that the appellant had sold off a number of lots after the land had been platted, and it does not appear whether those remaining were contiguous to one another or not. Upon one or two of the lots above referred to the appellant had his residence. The record does not contain any of the judgments by virtue of which the sales here sought to be enjoined were to be made, but it will be assumed that they were in accordance with the requirements prescribed for suits against unknown owners and for a foreclosure of tax liens.

The judgment of the court below refusing the injunction was probably based upon the assumption that the first assessment by which the property was listed for taxation as 15 acres of the Jenks survey was void, and did not constitute a rendition sufficient to authorize the payment of the taxes upon that property for that year.

If the assessment was a sufficient compliance with the law governing the rendition of property for taxation, to justify the city tax collector in accepting the sum tendered as the amount due for taxes upon that land according to the valuation then put upon it, the subsequent assessment by his successor against the unknown owners was an erroneous or double assessment. It appears as undisputed that the 15 acres referred to in the first assessment is the same land described as the lots upon which the suits were filed and judgments obtained. Nor is there any dispute of the fact that the appellant paid all of the taxes due the city under the first assessment for the year 1907 at the proper time. Article 5076 of the statute requires that in listing real estate for taxation the statement shall truly and distinctly set forth (1) the name of the owner, (2) the abstract number, (3) the number of the survey, (4) the name of the original grantee of the certificate, (5) the number of acres and the value of the land, (6) the number of the lot or lots, the number of the block, and the name of the city or town and the value of the lots. There was no ordinance offered in evidence showing any additional requirements on the part of the city of Texarkana, and we must assume that there were none. The assessment of property is merely intended as a method of listing it with the proper officer in order that it may bear its just proportion of taxation. To this end the statute requires as the three essentials, (1) the name of the owner, if known, (2) the description of the property, and (3) its value. If there was anything lacking to make the first listing of appellant's property a valid assessment, it was in describing it as 15 acres of the Jenks survey, instead of by the block and lot numbers into which it had been subdivided. The purpose of the description in listing for taxation is to designate the property in such manner that it may be identified. This requirement as to subdivisions of a larger tract is mainly for the benefit of the taxpayer.

1 Cooley on Taxation, 736. The rigid observance of the statutory requirements in this respect has only been enforced in suits for the collection of delinquent taxes and in cases where the assessor and not the owner listed the property. Where the owner himself has rendered the property for assessment and given the description, a very different rule obtains. Cooper Gro. Co. v. Waco, 30 Texas Civ. App., 623, 71 S. W., 619; Dallas T. & T. Co. v. Oak Cliff, 8 Texas Civ. App., 217; 27 S. W., 1036; Scollard v. Dallas, 16 Texas Civ. App., 620, 42 S. W., 640; Grace v. City of Bonham, 26 Texas Civ. App., 161, 63 S. W., 158; Moody v. City of Galveston, 21 Texas Civ. App., 16, 50 S. W., 482. This liberality of construction is permitted for the reason that the owner, who is the only person who could complain of a defective description, is himself responsible for that which was given, and could not have been misled by it. The taxing power, the State or municipality, is only interested in seeing that all property subject to taxation has been assessed at a proper valuation and the taxes due thereon paid. When payment is made or tendered, it is wholly immaterial to the State or city how the property may have been described when assessed. The payment of the taxes due upon a rendition in gross, without observing minor subdivisions, would be as complete a discharge of the tax burden as if the assessment had been made with the utmost regard for the statutory requirements. Let us suppose that the appellant had failed to pay the taxes assessed against him upon his rendition of the 15 acres. Could he resist the collection merely because the property had not been described by the lot and block numbers? We think not. It may be true that if the land had been listed by the assessor in that manner, without the knowledge of the owner and without also giving a description by lots and blocks, the assessment might have been assailed as insufficient by the owner in resisting the enforcement of the tax lien. But it would be absurd for the tax collector to refuse payment when tendered, solely because the statutory requirements as to the description in listing had not been strictly followed. The statute requires, in assessing land, that the abstract number and the number of the survey be given. That requirement is just as imperative as that which calls for the lot and block numbers. But can it be contended with any show of reason that the collector would be unauthorized to accept payment of taxes due upon such a defective assessment when tendered, or that, having accepted it and issued his receipt therefor, it would not be a complete discharge of the taxes due upon that property for that year? If such a payment will cancel the obligation for taxes when resting upon that kind of a rendition or assessment, why not in the one here under consideration? We see no important distinction between this case and the hypothetical one referred to. If the city has the right in this instance to disregard the assessment and collection of the taxes for 1907 upon the property in question, and to treat those proceedings as a void and futile attempt to discharge the tax obligation, and can assert the right to again collect the taxes by virtue of the second listing of the property, then we see no reason why it may not with equal propriety re-assess and collect taxes on all property within its limits which has not heretofore been listed in strict compliance with the

statutory requirements, notwithstanding it may still retain possession of the money paid thereon. The assertion of such a right would involve a construction so at variance with every principle of justice, and so clearly opposed to the spirit and intent of the law regulating the assessment and collection of taxes, that its unreasonableness becomes apparent from the mere contemplation of the consequences that might follow.

The facts of this case show that the first rendition was accepted by the assessor of the city with the description given and at the valuation placed upon the land by the appellant. It was the duty of the assessor to inform himself of the location, character and value of the property which he was listing, and it will be assumed that he did this. It was also the duty of the board of equalization of the city, in passing upon the valuations of the property upon the tax rolls, to do the same thing. We must likewise presume that this duty was observed. The fact that the property was rendered as 15 acres did not prevent that body from estimating and fixing its proper value for taxation. The record discloses no complaint as to valuation placed by the appellant. So far as the testimony goes, we may assume that there was no difference between his valuation and that fixed in the last assessment. We think the payment of his taxes for the year 1907 upon the property in question, under the rendition made by him, was a complete discharge of the taxes for that year, and that the property was not again subject to assessment.

In this view of the case we must treat the last as a double assessment. Article 5232-1 of the Revised Civil Statutes provides: "Real estate which may have been rendered for taxes and paid under erroneous description given in assessment rolls, or lands that may have been doubly assessed and taxes paid on one assessment, or lands which may have been assessed and taxes paid thereon in a county other than the one in which they are located, or lands which may have been sold to the State and upon which taxes have been paid, and, through error, not credited in the assessment rolls, shall not be deemed subject to the provisions of this chapter." In the case of Hollywood v. Wollhausen, 28 Texas Civ. App., 540, 68 S. W., 329, decided by the Court of Civil Appeals of the Fourth District, and a writ of error refused by the Supreme Court, it was held that the District Court was without jurisdiction to render a judgment foreclosing a tax lien in cases falling within the terms of the above provisions of the statute. But it is immaterial, so far as the disposition of this case is concerned, whether we regard the judgments here sought to be enjoined as void, or only voidable. This action is not a collateral, but a direct attack upon them. Crawford v. McDonald, 88 Texas, 630, 33 S. W., 327; Dashner v. Wallace, 29 Texas Civ. App., 151, 68 S. W., 309. The appellant having shown that his property had once been assessed and the taxes paid thereon, he was clearly entitled to have the sales enjoined, and the court below should have so held.

The judgment is reversed and here rendered in favor of the appellant.

*Reversed and rendered.*