DOWNS et ux. v. WILSON. (No. 7051.)

(Court of Civil Appeals of Texas. Galveston. Jan. 14, 1916.)

1. JURY ☞26—JURY FEE—FAILURE TO PAY.

Where the defendants made no objection to the discharge of the last jury for the term, although present when said jury was discharged by the court, and had not deposited a jury fee until after the last jury for the term had been discharged, the trial court did not err in refusing defendant's demand for a jury.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 174, 175; Dec. Dig. ☞26.]

2. MORTGAGES ☞401 — FORECLOSURE—NONPAYMENT OF TAXES—MISTAKE IN DESCRIPTION.

Under Rev. St. 1911, art. 7694, providing that real estate on which the taxes have been paid, under an erroneous description given in the assessment rolls, shall not be deemed subject to the further payment of taxes and shall not be held delinquent as to payment of taxes under the provisions of chapter 15 of such statutes, relating to the assessment and collection of taxes, where a deed of trust provided that failure to pay all taxes due should mature the se-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cured notes, and the defendant through mistake erroneously described the land as to the original grantee in rendering the assessment to the tax collector, and taxes were paid and accepted under this assessment, the payment under the law was a full discharge of taxes due on the lands, and there was no default under the terms of the deed of trust.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1160–1165, 1208, 1209; Dec. Dig. ⊂⊃401.]

Appeal from District Court, Grimes County; S. W. Dean, Judge.

Suit by Mrs. Lucy P. Wilson against Wm. Downs and wife. From a judgment for the plaintiff, the defendants appeal. Reversed and dismissed.

Haynes Shannon, of Navasota, for appellants. Brigance & Bowen, of Navasota, for appellee.

LANE, J. This suit was instituted by Mrs. Lucy P. Wilson against Wm. Downs and wife, Savannah Downs, in the district court of Grimes county, Tex., on the 26th day of October, 1914, to recover upon five promissory notes executed by said Downs and wife for the sum of $326.26 each, bearing 10 per cent. per annum interest from date until paid, and providing for the usual attorney's fees of 10 per cent. if collected by law, etc., and further providing that a failure to pay any one of said notes at maturity, or any annual installment of interest due thereon, when due, should, at the option of the holder of any one or more of said notes, mature all of them. The first of said notes was payable on the first day of December, 1914, some time after the filing of this suit. The plaintiff also prayed for the foreclosure of a certain deed of trust given by Downs and wife upon about 140 acres of land situated in Grimes county to secure the payment of said notes. Said deed of trust, among other things, provides that in the event any one or more of said notes are not paid when due, or any installment of interest is not paid when due, at the option of the holder of any one or more of said notes all of them shall become due and payable; that a failure of Wm. Downs to pay all taxes due on said land when due shall also, at the option of such holder, mature said notes. Plaintiff in her petition, among other things, alleges that in and by said deed of trust defendants agreed and contracted with plaintiff that a failure of defendants to keep and perform any one or more of the conditions of said deed of trust should, at the option of the holder of said notes, mature all of them. She further alleges that defendants had failed to pay the taxes due upon the land covered by said deed of trust for the years 1913 and 1914, in violation of his obligation under said deed of trust, and that she has availed herself of the option given her by said deed of trust and has declared all of said notes due and payable, and prays for judgment for the principal and interest due on said notes, and for

10 per cent. attorney's fees, and for foreclosure of the lien on said land created by said deed of trust. Defendants in their answer admit the execution and delivery of the notes and deed of trust as alleged by plaintiff, but say that none of said notes were due when this suit was filed, that they had paid all the taxes due on said land, and have fully performed all the obligations assumed by them under said deed of trust, and that plaintiff's suit was prematurely brought; and that the same should be abated.

The undisputed evidence shows the execution and delivery of the notes and deed of trust by defendants as alleged by plaintiff; that the first of said notes was to become due on December 1, 1914, subsequent to the filing of this suit; that the land covered by said deed of trust was about 140 acres, composed of eight small tracts purchased by defendant Wm. Downs at different times, all lying contiguous and forming one tract of about 140 acres of land; that about 100 acres of the same was a part of the Wingfield survey, about 38 acres on the T. Walker league, and about 3 acres on the John Moore league, in Grimes county, Tex.; that said land was the only land owned by said Downs in Grimes county, except a lot in the city of Navasota upon which Downs lived at the time of the execution of said deed of trust; that through mistake upon the part of Downs, he assessed and paid taxes on, for the year 1913, 100 acres on the T. Walker league, and 40 acres on the John Moore league, believing at the time that all his 140 acre tract was located on said leagues; that for the year 1914 he assessed 52 acres on the Walker league and 90 acres on the Moore league through mistake, and paid all taxes due thereon; that in making such payment it was his purpose to pay all his taxes on the whole of 140 acres of land owned by him; that the tax assessor of said county accepted said assessment as given by Downs, and has never assessed any of said land to any other person, known or unknown; that the collector of taxes for said county collected said taxes, due under such assessment, from Downs, and had not made, and was not making, any demand for payment of taxes on any of said land from any person, known or unknown; that the tax records did not show any outstanding taxes against said land.

On the pleadings of the parties and the undisputed evidence above set out, the case was submitted to the trial judge without a jury, who overruled defendants' plea of premature suit, and concluded that as appellant's assessment under which he paid his taxes for the years 1913 and 1914 did not show that any portion of the land assessed by him was a part of the Wingfield survey, the taxes on the 100 acres of said land on said survey were delinquent and unpaid, and therefore plaintiff had the right to declare

all of said notes due, and to bring her suit thereon, and proceeded to render judgment for the sum found to be due on said notes, and for 10 per cent. of such sum as attorney's fees, and for a foreclosure of said deed of trust lien. From such judgment defendants have appealed.

[1] Appellants' first assignment is that the court erred in refusing the demand of defendants for a jury. The facts relative to this assignment, as shown by appellants' bill of exception No. 2, are these: The court convened on the 25th day of November, 1914. Juries had been summoned for the first five weeks of court. This case was set for trial during a jury week in December. Thereafter the trial judge discharged the jury for the entire month of December, but had the jury for the first week of January, 1915, to appear for that week; that when this case was called, on the day set for its trial in December, it was postponed and set for trial during the first week in January, 1915, for which week a jury had been retained; that on Monday of said week the trial judge discharged the jury for that week; that when the court announced, on Monday, that the jury for the week would be discharged, counsel for defendant made no protest nor demand for a jury, and now gives as a reason for not doing so that he had no time to consult his clients as to whether or not they wanted a jury; that at some time between the time the last jury had been discharged and the calling of the case, on Thursday thereafter, counsel paid the legal jury fee to the clerk of the court, and when the case was called on Thursday, January 5, 1915, he demanded a jury. Thereupon the trial judge asked counsel for plaintiff if they were willing to try the cause before a jury to be summoned by the sheriff. Plaintiff's counsel objected to a trial by such jury, and the court thereupon refused to allow appellants a jury, and ordered that the case proceed to trial before the court. It appearing from the foregoing statement that appellants made no objection to the discharge of the last jury for the term, although present when said jury was discharged by the court, and, it further appearing that he had not deposited the jury fee until Thursday, January 5, 1915, the sixth week of the court, and after the last jury for the term had been discharged, we conclude that the trial court did not err in refusing appellants' demand for a jury.

[2] Appellants also insist that the trial court erred in not sustaining their plea in abatement, which was, in effect, that no part of appellee's claim against appellants was due and payable at the time this suit was filed, and therefore said suit was prematurely brought and should be abated. If this contention is sustained, it must result in a reversal and dismissal of appellee's suit, and such disposition of this appeal will render a detailed consideration of appellants' various assignments unnecessary. We shall

therefore, at the outset, proceed to consider and dispose of such contention. From what has been already said, it appears that none of the notes sued upon were due at the time this suit was filed, and that appellee bases her right to bring her suit upon said notes at the time she did upon the theory that, as appellants had agreed that if they failed to pay all taxes due on the land mortgaged when due, appellee had the right to declare all of said notes due and payable, and that appellants had failed to pay the taxes due upon said lands for the years 1913 and 1914, and that appellee had declared said notes due and payable. It also appears from the undisputed facts that appellants owned only one tract of about 140 acres of land in said Grimes county; that the land was a part of three different surveys, a part on the Wingfield, a part on the T. Walker, and a part on the John Moore surveys; that the defendants in giving said land in for taxes had, for many years, given it in as one tract; that in rendering said land for taxes the defendants had given it in as on the John Moore and Walker leagues only; that the tax receipts showed on their face that while the defendants had not rendered any land in the Wingfield league, they had rendered for taxes a great deal more in the Walker and Moore leagues than they owned in said Walker and Moore leagues; that the failure of the defendants to render the land in the Wingfield league was due to a mistake and was simply a misdescription; that the defendants had paid all of the taxes assessed against them, and had paid on all of the land owned by them; that the defendants were not listed as delinquents for either the year 1913 or 1914, or any other year; that the land upon which defendants had paid taxes for the year 1913 and 1914 was the same identical land described in plaintiff's petition, and it was all of the land owned by these defendants, except a lot in Navasota; and that the mistake in the assessment was due to the fact that the defendants had not rendered it correctly as to original grantee. These defendants had paid taxes on all of the land owned by them and described in plaintiff's petition. Appellee's contention is that as the tax assessment and receipt for payment of taxes for the years 1913 and 1914 show that appellants assessed and paid taxes on the land situated on the T. Walker and John Moore leagues, and does not show that he assessed any land on the Wingfield survey, so much of the land as was on the Wingfield survey was not assessed nor the taxes paid thereon for said years, and that therefore appellee had the right, under the terms of said deed of trust, to declare all of the notes given by appellants to her due and payable, and to bring her suit at the time she did, and that the suit was not therefore prematurely brought. Article 7694, Revised Statutes of 1911, provides that, real estate which may have been rendered for taxes and paid under erroneous

description given in assessment rolls shall not be deemed subject to the further payment of taxes, and shall not be held delinquent as to payment of taxes, under the provisions of chapter 15 of said statutes, relating to the assessment and collection of taxes. We do not think that it can be reasonably contended, and certainly not justly contended, that the collector of taxes for Grimes county would be authorized, under the law above referred to, to accept payment of taxes due by appellants upon their said defective assessment when tendered and for which he had issued his receipt, and then thereafter collect a second tax upon the property so defectively assessed, because said property had not been assessed in strict conformity with the law. Under the law the payment of the taxes upon the 140 acres of land by Downs, though under a defective or erroneous description, was a full discharge of the taxes due on said land (McMickle v. Rochelle, 125 S. W. 74; Hollywood v. Wellhausen, 28 Civ. App. 541, 68 S. W. 329), and it follows that at the time appellee brought her suit appellants were not in default in the payment of the taxes due on the land mortgaged for the years 1913 and 1914, or for any other year. Appellee had no legal right to declare all or any of the notes in question due, and therefore her cause of action was prematurely brought, and should have been dismissed under the plea of appellants, and the undisputed evidence.

Having reached the conclusions above expressed, it is here ordered that the judgment of the lower court be reversed, and that this cause be dismissed.

Reversed and dismissed.