## BLACKMON v. TEXAS SECURITIES CO.
### (No. 8614.)

(Court of Civil Appeals of Texas. Ft. Worth. May 5, 1917. On Motion for Rehearing, June 9, 1917.)

1. MORTGAGES ⬅116—FUTURE ADVANCES— BUILDING CONTRACT—COMPLETION BY ANOTHER THAN CONTRACTOR.

The fact that improvements called for by a mechanic's lien contract were completed by other workmen and not by the contractor himself would not affect the owner's liability to pay for the improvements or his liability by virtue of a deed of trust and secured note given to induce the payer to pay for such improvements, where defendant made no objection to the arrangement.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 382–392, 394–409.]

2. APPEAL AND ERROR ⬅231(7)—REVIEW— ADMISSION OF EVIDENCE.

In an action on secured note and to foreclose vendor's liens, where defendant's counsel declined to state his purpose in asking defendant who had collected insurance money, defendant cannot on appeal predicate error on the court's action in sustaining an objection to such question by showing that the witness would have testified that the insurance money had been used to pay the note, especially where the note was in possession of plaintiff and no explanation of that fact was offered.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 198.]

3. MORTGAGES ⬅461 — FORECLOSURE — EVIDENCE.

Assignments of error to the admission in evidence of a vendor's lien note taken up by plaintiff as part consideration of the secured note and deed of trust and also a judgment and deed thereunder to defendant's vendor, introduced as muniments of her title to the property before she sold it to defendant, introduced in evidence over objections by the defendant, on the ground that there was a variance in the description of the property from the description contained in the deed of trust in controversy, will be overruled, where the proof without contradiction identified the property described in those documents as the same property described in the deed of trust; a part of such proof being statements and recitals contained in the defendant's written application for the loan and also in the deed of trust in controversy, which was executed by them.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1353–1360.]

4. MORTGAGES ⬅460 — FORECLOSURE OF TRUST DEED—PROOF.

The taxes provided for in the deed of trust having been paid by plaintiff at the written request of the defendant contained in the application for the loan and under a stipulation in the deed of trust in effect that the same were valid liens, and that plaintiff would thereby be subrogated to such liens, the plaintiff was not required to prove a proper assessment and rendi-

tion of the property for taxes as a prerequisite to its right of foreclosure of such tax lien.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1348–1352.]

5. APPEAL AND ERROR ⬅731(5)—ASSIGNMENT OF ERRORS—VERDICT—SUFFICIENCY OF EVIDENCE.

Assignments of error to the effect that the court erred in rendering judgment because the verdict of the jury was unsupported by the evidence, or contrary to the weight of the evidence, will be overruled, since the judgment must follow the verdict, however erroneous the same may be, and even though the verdict may be subject to attack on the same grounds.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3021.]

6. HOMESTEAD ⬅96 — CHARGES AGAINST VENDOR'S LIEN NOTE—ATTORNEY'S FEES — DEFENSES.

Where a note secured by deed of trust contained a stipulation for attorney's fees in an amount equal to 10 per cent. of the entire debt, and a vendor's lien note taken up by the plaintiff provided for attorney's fees at the same rate, and being a part of the consideration which the defendants agreed to pay for the lot when they purchased it, their homestead plea is not available against the collection of such attorney's fees.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 147–153.]

Appeal from District Court, Tarrant County; R. B. Young, Judge.

Action by the Texas Securities Company against Mrs. Robena C. Blackmon and another. Judgment for plaintiff, and named defendant appeals. Judgment reformed, and affirmed on rehearing.

John L. Poulter and Graves & Houtchens, all of Ft. Worth, for appellant. Ross, Ross & Alexander, of Ft. Worth, for appellee.

DUNKLIN, J. The Texas Securities Company recovered a judgment against T. L. Blackmon and wife, Mrs. Robena C. Blackmon, upon a promissory note executed by those defendants in favor of the plaintiff, and also for a foreclosure of a lien evidenced by a deed of trust upon certain real estate situated in the city of Ft. Worth, and from that judgment the defendants have appealed.

At the time of the execution of the deed of trust which was foreclosed, the defendants had entered into a mechanic's lien contract with J. F. Crenshaw to construct certain improvements upon the lot in controversy and had contracted to pay therefor the sum of $600. This contract was in due form and executed in the manner required by the statutes in order to fix a mechanic's lien upon a homestead, and the property was at that time the homestead of the defendants; but the improvements had not then been made. There was also outstanding against the lot at the time a vendor's lien note in the sum of $100, which had been executed by the defendants and unpaid taxes due the city, county, and state, aggregating approximately $167.65.

The deed of trust in controversy was ex-

ecuted for the purpose of inducing the plaintiff to pay off said vendor's lien note and taxes, and also to pay to the contractor the price stipulated in the mechanic's lien contract, and by the terms of the deed of trust the plaintiff was subrogated to all the rights of the holder of the vendor's lien note, the state, county, and city for taxes, and of the contractor who held the mechanic's lien contract.

A fire insurance policy upon the improvements was also taken out in plaintiff's favor as further security for the money to be so advanced.

The defendants pleaded that the lot was the separate property of Mrs. Blackmon and was also the homestead of herself and husband. It was pleaded that the note subsequently had been paid out of the proceeds of the fire insurance policy which had been collected after the destruction of the improvements by fire. They pleaded further that the contractor had not complied with his contract for the erection of the improvements, and therefore they did not owe the full contract price therefor.

In answer to special issues the jury found that the improvements called for in the mechanic's lien contract with Crenshaw were completed in accordance with the terms of the contract, and that the labor expended and material used in the erection and completion of said improvements were paid for out of the funds furnished by the plaintiff to the defendant. And such findings of the jury were amply supported by the evidence, which we deem it unnecessary to set out in this opinion, as the same would incumber the opinion to no useful purpose. We are of the opinion further that the court's instructions submitting those issues were not upon the weight of the evidence, as insisted by appellant in other assignments.

[1] The fact that Crenshaw, the contractor, did not himself complete the contract, but the same was completed by other workmen, would not make any material difference, especially in view of the fact that there is nothing in the evidence to show that the defendants made any objection to that arrangement. Nor do we think there was any error in the court's instruction to the jury to that effect. Walters v. Texas Building Ass'n, 8 Tex. Civ. App. 500, 29 S. W. 51; Pioneer Savings & Loan Co. v. Edwards, 12 Tex. Civ. App. 556, 34 S. W. 193; Downard v. National Loan & Investment Co., 22 Tex. Civ. App. 570, 55 S. W. 981.

An assignment is presented to the action of the court in sustaining plaintiff's objection to certain questions propounded to defendant Blackmon by his counsel. The bill of exception upon which the assignment is predicated states that the witness testified that plaintiff required him to take out a fire insurance policy on the building in favor of plaintiff, and that thereafter the property was destroyed by fire. He was then asked by his counsel, "Who collected the money from the insurance company on that policy?" Plaintiff objected to the question and answer thereto upon various grounds, one of which was that the testimony came too late if it was offered for the purpose of sustaining the plea of the defendants of payment of the debt out of the insurance money. Thereupon the court inquired of defendants' counsel the purpose for which he offered the testimony, to which inquiry counsel replied at one time, "I merely desire to show what the facts are," and at another time that counsel offered it for the purpose of showing "what became of the money that was received on the fire insurance policy." The objection to the testimony was sustained. It is stated in the bill of exception that counsel expected to show by the witness, and the witness would have testified, that there was collected on the fire insurance policy the sum of $1,956.28, all of which was turned over to the plaintiff, who deducted therefrom sufficient amount to pay the debt upon which this suit was instituted, and the balance was turned over to the defendant Blackmon. Appended to the bill is the certificate of the trial judge as follows:

"Above bill of exception approved with the exception of that portion setting out what the witness would have testified. Counsel when requested to state the purpose of the testimony sought to be elicited declined to do so and had they stated that the testimony that they set out above would have been elicited same would have been admitted."

[2] Under the showing we are unable to sustain the assignment of error now under discussion. The rule is well settled that the trial judge has the right to be informed of the purpose for which testimony is offered under such circumstances as recited above, and as counsel declined to state that purpose they are in no position to complain of the ruling; especially in view of the fact that the note in suit was in the possession of the plaintiff, and its vice president and general manager testified directly and positively that nothing whatever had been paid thereon except the credits admitted in plaintiff's pleadings; and as the proffered testimony of the witness shown in the bill of exception did not purport to give any explanation why the note was left in possession of the plaintiff after it had been paid, if such be true.

[3] The vendor's lien note in the sum of $100, in favor of Mrs. J. H. Leach, signed by the defendant T. L. Blackmon, which was taken up by the plaintiff and for which the deed of trust was in part executed, and also a judgment and deed thereunder to Mrs. Leach introduced as muniments of her title to the property before she sold it to defendants, were introduced in evidence over objections by the defendants, on the ground that there was a variance in the description of the property from the description contained in the deed of trust in controversy. Without further discussion, these assignments are

overruled, in view of the fact that the proof without contradiction identified the property described in those documents as the same property described in the deed of trust; a part of such proof being statements and recitals contained in the defendant's written application for the loan and also in the deed of trust in controversy, which was executed by them.

[4] The taxes provided for in the deed of trust having been paid by plaintiff at the written request of the defendants contained in the application for the loan and under a stipulation in the deed of trust in effect that the same were valid liens, and that plaintiff would thereby be subrogated to such liens, the plaintiff was not required to prove a proper assessment and rendition of the property for taxes as a prerequisite to its right of foreclosure of such tax lien. Lufkin v. Galveston, 58 Tex. 545; McMickle v. Rochelle, 59 Tex. Civ. App. 91, 125 S. W. 74; Girardeau v. Perkins, 59 Tex. Civ. App. 552, 126 S. W. 633.

[5] Several assignments of error to the effect that the court erred in rendering judgment because the verdict of the jury was unsupported by the evidence, or contrary to the weight of the evidence, are overruled, since it is well settled that the judgment must follow the verdict, however erroneous the same may be, and even though the verdict may be subject to attack on the same grounds. Ablowich v. Greenville National Bank, 95 Tex. 429, 67 S. W. 79, 881; Armstrong v. Hix (Sup.) 175 S. W. 430.

[6] The promissory note upon which suit was instituted contained a stipulation for attorney's fees in an amount equal to 10 per cent. of the entire debt. The vendor's lien note taken up by the plaintiff provided for attorney's fees at the same rate, and, being a part of the consideration which defendants agreed to pay for the lot when they purchased it, their homestead plea is not available against the collection of such attorney's fees. But plaintiff admits that $82.39 of the judgment represents attorney's fees over and above the attorney's fees accrued on the vendor's lien note, and in its brief plaintiff offers to remit and forego any right of foreclosure to the extent of that excess, and also to the extent of the further sum of $51.11, which it is admitted represents principal and accrued interest of a sum included in the note sued on, which was not shown to have been used in the payment of valid lien against the property; but plaintiff does not remit its right to a personal judgment against defendant T. L. Blackmon, for the full amount awarded by the trial court.

Accordingly, the judgment of the trial court will be reformed as to limit the amount for which the foreclosure of lien was decreed to the sum of $943.75, with interest on that amount from the date of the judgment at the rate specified in the judg-

ment. In all other respects the judgment is affirmed.

## On Motion for Rehearing.

Upon original hearing we made a clerical error in computing the amount for which the judgment of the trial court should be affirmed. The two amounts which appellee offered to remit were $82.39 and $51.11, aggregating $133.50. That amount deducted from $1,057.-25, which was the amount of the judgment in the trial court, leaves a balance of $923.75 instead of $943.75, as stated in the original opinion. Accordingly, our original opinion is so corrected as to reform the judgment of the trial court to the extent that the amount of appellee's recovery shall be limited to $923.-75, with interest on that amount from the date of the judgment at the rate specified therein, and as so reformed the judgment is affirmed. Appellant's motion for rehearing on other grounds stated is overruled.