## CITY OF WICHITA FALLS, for Use and Benefit of L. E. WHITHAM & CO., v. CITIZENS' LUMBER CO.

### No. 2331.

Court of Civil Appeals of Texas. El Paso.

July 3, 1930.

Rehearing Denied July 24, 1930.

Milburn E. Nutt, of Wichita Falls (R. Wayne Frank, of Wichita Falls, of counsel), for appellant.

Harvey Harris, of Wichita Falls, for appellee.

PELPHREY, C. J.

The same legal questions are presented in this case as were passed upon by the Supreme Court in the case of City of Wichita Falls for use and benefit of L. E. Whitham & Company v. Williams et al., 26 S.W.(2d) 910. The last-mentioned case was appealed to the Court of Civil Appeals of the Second Supreme Judicial District, and that court certified the questions to the Supreme Court.

The primary question involved is whether or not a special assessment for street improvements is included within the word "taxes" in the excepting clause of section 50, art. 16, the homestead section of the Constitution.

Appellants in this case are contending that Whitham & Co. were the holders of a lien arising out of special assessment levied by the city of Wichita Falls against the homestead of Rueben L. Price and wife, Ina Mae Price, superior to a deed of trust lien held by appellee.

The trial court held that the purported lien alleged to have been created by the special assessment was not in fact a lien, and refused judgment foreclosing same.

In response to the certified questions the Supreme Court held that a special assessment for street improvement was not within the word "taxes" as used in the homestead section of the Constitution. That decision settles the controlling question here, and in accordance with that holding the judgment of the trial court will be affirmed.

HIGGINS, J., did not sit in this case.

### On Motion for Rehearing.

PELPHREY, C. J.

This case was submitted on October 28, 1929, and a decision was delayed because of the controlling question having been submitted to the Supreme Court by the Fort Worth Court of Civil Appeals. The question has now been decided by the Supreme Court adversely to the contention of appellant. Appellant now asks that we defer action on this motion until a motion for rehearing in the case now before that court can be disposed of.

We feel that we have delayed a disposition of this case as long as we should, bearing in mind the rights of appellee, and, feeling that the former decision is correct, we must now overrule this motion.