**CONTINENTAL INV. CO. v. BODEN-HEIMER.**

No. 10364.

Court of Civil Appeals of Texas. Galveston.

Feb. 19, 1937.

Elbert Roberts and W. D. Orem, both of Houston, for plaintiff in error.

Morris & Kirk, of Houston, for defendant in error.

CODY, Justice.

On January 23, 1929, defendants Sarah Mintz and her husband, Abe Mintz (who were parties to the case below, but who have not appealed, and are no longer in this case), gave a deed of trust lien on a house and lot located in Houston, to secure the payment of their note for $5,-000 of even date, given to Gertrude Bodenheimer; and on March 11, 1930, moved on to such property, and the nature of their occupancy of it thereafter up until the time of the trial was such as to make it their homestead. Thereafter the city council of Houston took such appropriate and necessary proceedings as would have fixed an assessment lien against such property for paving to be done on the street on which it abutted, had it not been a homestead. Then thereafter, on February 10, 1931, Mrs. Mintz and husband, the aforesaid owners of the property, gave to the National Paving Company a mechanic's lien thereon to secure the payment of $716.25, the estimated cost of paving the street in front thereof, and which was chargeable against the owners of such property. Thereafter said indebtedness secured by said mechanic's lien duly became the property of plaintiff in error, the Continental Investment Company, and belonged to it at the time of the trial. On November 27, 1933, Mrs. Bodenheimer and husband, Abraham, instituted this suit in the district court of Harris county for the recovery of the debt of $5,000, and foreclosure of the deed of trust lien against the rights of the owner of the aforesaid house and lot and of her husband, and of the plaintiff in error. Mrs. Bodenheimer having died during the pendency of the suit, her husband, defendant in error here, qualified as independent executor of her will, and, as such, and individually, prosecuted this suit to judgment. In the trial court plaintiff in error, Continental Investment Company, filed a cross-action on its indebtedness for $716.25 and to foreclose its mechanic's lien and assessment lien given for said indebtedness for paving. The court concluded, as a matter of law, after making findings of fact substantially as just detailed, that the deed of trust lien asserted by the defendant in error was superior to plaintiff in error's lien securing the payment of its debt for $716.-25, and plaintiff in error brings writ of error.

Plaintiff in error asserts the superiority of its lien to the deed of trust lien foreclosed by the defendant in error on two grounds: First, because the charter of the city of Houston grants to the city council the power to provide for the priority of paving liens on homesteads, and no statutory or constitutional inhibition denounces the exercise of this power; second, because, so it claims, the homestead exemption of the defendants Mintz (husband and wife) was shown by the evidence to have been waived.

In support of its first proposition, 'that the council had, under the charter of the city of Houston, power to make paving liens against homestead property superior to liens that are prior in point of time, plaintiff in error cites these provisions of such charter:

"Sec. 9. Improvement assessment and fixing lien.—When the hearing above mentioned has been concluded, the City Council shall by ordinance assess against the several owners of the property abutting upon the highway, or portion thereof ordered to be improved, and against their property, such proportionate part of the cost of the improvement as may have been adjudged against them, respectively. The portion of said cost assessed against any such owner or his property, together with reasonable attorney's fees and costs of collection when incurred, shall

constitute a personal liability of said owner and a first and prior lien upon said property, superior to all other liens, claims or titles, except for lawful ad valorem taxes. Such ordinance shall fix and declare said lien and liability and shall state the time and manner of payment of said assessments. The City Council shall have power to provide that said assessments shall be payable in installments, not, however, exceeding five, the last payable not exceeding, four years from the completion and acceptance by the City of the improvement. * * *"

"Sec. 10. Exemption.—When the Council has reason to believe that the owner of any property may successfully claim the same as exempt from special assessment, it may order that the improvement be not made in front of such property unless said owner shall first satisfactorily secure the payment of the portion of the cost of the improvement determined to be payable by him. And whenever a part of the said cost is payable by the owner of such exempt property, and it is provided in the proceedings or contract with reference to the improvement that the contractor is to look to the owners of abutting property and their property for the payment of such part of said cost, the contractor to whom the work shall be let shall not be required to construct the improvement in front of any such exempt property until first satisfactorily secured in the payment of the amount payable by the owners of such exempt property. And the failure to construct such improvements in front of such exempt property shall not invalidate the lien or personal liability fixed by said ordinance of assessment against any other property abutting on the highway improved, or the owner thereof."

█ In order to test plaintiff in error's theory, we must first call to mind that on nonhomestead property, assessments for paving benefits are sustained as an exercise of the taxing power; and for sidewalks, as that of the police power. Cain v. City of Tyler (Tex.Com.App.) 261 S.W. 1018. In Higgins v. Bordages, 88 Tex. 458, 31 S.W. 52, 55, 803, 53 Am. St.Rep. 770, decided by our Supreme Court in 1895, long before the charter of the city of Houston was framed, it was said: "We feel constrained, upon authority and sound reasoning, to hold that the charge made against the homestead of

Henry and Mary Higgins for the cost of the sidewalk was not a 'tax,' general or special, within the meaning of section 50, art. 16 [the homestead provision], of the constitution, and that the case of Lufkin v. City of Galveston [58 Tex. 545] is in conflict with the decisions of this court; and, in so far as it holds the homestead liable to forced sale for such assessments, that case is hereby overruled."

In City of Wichita Falls v. Williams, 119 Tex. 163, 26 S.W.(2d) 910, 915, 79 A.L.R. 704, our Supreme Court again held: "On the whole, we conclude that the homestead is not subject to special assessments, and that these assessments are not taxes within the meaning of section 50, article 16, of the Constitution."

Other cases holding the same are as follows: Jones v. Whitham & Co. (Tex. Civ.App.) 37 S.W.(2d) 327; City of Wichita Falls v. Citizens' Lumber Co. (Tex. Civ.App.) 30 S.W.(2d) 440 (writ of error refused); City of Dallas v. Atkins, 110 Tex. 627, 223 S.W. 170; Smith Bros. v. Lucas (Tex.Com.App.) 26 S.W.(2d) 1055; Uvalde Rock Asphalt Co. v. Warren (Tex.Civ.App.) 59 S.W.(2d) 272.

█ The assessment made by the city council of Houston for paving the street, abutting on the lot that is here in question, therefore created no lien on the property in question, because of the homestead character of such property. The validity of the mechanic's lien thereon given to secure the payment of the assessment for paving the street on which it abutted is sustained on the same principle as any other mechanic's lien given for improvements to a homestead. Peoples v. Smith Bros. (Tex.Civ.App.) 65 S. W.(2d) 777. Since, therefore, the mechanic's lien sued on herein by plaintiff in error was obtained through a contract with the owners of the property in question, no greater rights could be obtained through such contract than the owners of the property themselves possessed, and had the power to confer. As they held such property subject to the obligation to pay off the deed of trust lien, when they gave the mechanic's lien to secure the payment for the cost of the pavement, the owner of such mechanic's lien acquired only such rights as the owners of the property could give as against a then outstanding valid deed of trust lien. In other words, the rights of the holder of the mechanic's lien were subordinate to

those of the holder of the deed of trust lien. Creosoted Wood Block Paving Company v. McKay (Tex.Civ.App.) 211 S.W. 822; Texas Bitulithic Co. v. Warwick (Tex.Com.App.) 293 S.W. 160. See, also, State Trust Company v. Morrison (Tex.Com.App.) 282 S.W. 214.

But when this mechanic's lien was created—so runs the argument of plaintiff in error—it validated and vitalized the ordinance passed by the city council fixing the paving lien against such property, citing, as in point, this language of the court in North Texas Loan & Trust Co. v. City of Denison (Tex.Civ.App.) 58 S.W.(2d) 858, 860: "This contract was collateral to and cumulative of all the proceedings with reference to making said improvements. The acts of the city were the initial steps toward the creation of the lien, and the mechanic's contract *vitalized the acts* and created the lien." (Italics ours.)

The power conferred by the charter of the city of Houston on its council—continues plaintiff in error's argument—is a power to make paving liens on homesteads superior to pre-existing liens against them, and is therefore greater than the power conferred by the general paving law (articles 1086–1105, R.S.1925, as amended [Vernon's Ann.Civ.St. arts. 1086–1105b]) on the governing bodies of cities which general paving law, after providing for the levying of assessments and making the assessment the first lien, then provides: "Sec. 8. Nothing herein shall empower any city, or its governing body, to fix a lien against any interest in property exempt, at the time the improvements are ordered, from the lien of special assessment for street improvements, but the owner or owners of such property shall nevertheless be personally liable for any assessment in connection with such property." Vernon's Ann.Civ. St. art. 1105b, § 8.

And again in articles 1086 to 1105: "Art. 1091. (1012) *Exempt property.* Nothing herein shall be construed to empower any city to fix a lien by assessment against any property exempt by law from sale under execution."

■ The answer to this contention has been, by what has already been said, indicated. The charter could not empower the council to make paving liens valid against the homestead, and the owners could not make the mechanic's lien superior to the outstanding deed of trust lien. While we have no objection to the statement that the mechanic's lien vitalizes the paving assessment, because of its harmlessness. we object very much to the idea that the owners of homestead property can confer on the city council power which the Constitution itself possibly withholds from the Legislature, certainly the charter does not give the council such power, nor did the council undertake to do so.

■ In support of its second proposition—that the homestead exemption was waived in this case—plaintiff in error shows that the defendants Mintz did not themselves assert in this case that the property involved was their homestead, and claim it as exempt, for themselves. Plaintiff in error says that the homestead exemption is one that can be waived, if not seasonably presented, and exists for the benefit of the owner, and is personal to the owner, and not available in this case to the owner of the deed of trust lien to confer on such deed of trust lien superiority over such paving lien. It is proper, we think, to point out that plaintiff in error nowhere comments on the fact that, in having created the mechanic's lien so as to make it a valid charge against their homestead, the owners of the property involved thereby deprived themselves of any homestead exemption they could have successfully urged thereagainst. And so, likewise, under the facts in this case, it is apparent that the homestead exemption was nonexistent as against the deed of trust lien. Therefore, if where the owners of a homestead are before the court it becomes evident to the court that their property is a homestead, and if in such a case it were possible for the owners of such property to waive their homestead exemption by failure to claim the same (and we do not decide this point), it is clear to us that no rights can be justly asserted by plaintiff in error in this cause, simply because of the failure of the owners of the homestead here involved to assert and claim the property as their homestead, for the sufficient reason that under the circumstances of this case the assertion by the owners that the property involved was their homestead would have been a vain and idle gesture, as against the liens of the plaintiff in error and defendant in er-

ror. As against these liens, one arising before the homestead character attached, and the other fixed so as to be valid, the homestead exemption was nonexistent, and plaintiff in error knew, or was charged with the knowledge, that the deed of trust lien in question was outstanding against the property at the time it acquired the mechanic's lien and at the time the mechanic's lien was created.

The trial court having correctly concluded that the mechanic's lien asserted by plaintiff in error was nothing more than an inferior contract lien against the property in question, so far as the owner of the deed of trust lien was concerned, did not err in holding that the lien urged by plaintiff in error was inferior to the lien urged by defendant in error.

We believe the judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.