**SANFORD INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Garland S. SANFORD et al., Appellees.**

No. 6768.

Court of Civil Appeals of Texas.

Amarillo.

April 28, 1958.

Rehearing Denied May 26, 1958.

Sanders, Scott, Saunders & Smith, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellees.

NORTHCUTT, Justice.

This is an action brought by Sanford Independent School District, as plaintiff, against Garland S. Sanford, individually and as executrix of the estate of J. M. Sanford, deceased, and Sanford Texas Ranch, Inc., as defendants, to collect delinquent taxes for the years 1942 to 1953, inclusive, assessed against approximately 1,185 lots in the town of Sanford, and also asking for foreclosure of tax lien and for personal judgment.

It was the contention of all the defendants that they had rendered for taxes during all these years in question all of the land owned by them, and each of them, in the Sanford Independent School District and had paid all the taxes currently levied and assessed against the said lands and against them by the Sanford Independent School District for the years 1942 to 1953, inclusive. The case was submitted to the court without a jury, and the court rendered judgment that the plaintiff take nothing by this suit and that the plaintiff be taxed with all costs incurred by the defendants. From this judgment plaintiff perfected this appeal.

All during the years involved herein, defendants rendered for taxes 625 acres in Section 81 and 564.3 acres in Section 82, which was 90.7 acres less than the 1,280 acres shown in the patents, and paid all the taxes due the plaintiff thereon. The townsite of Sanford is located in these two sections. During this period of time, no rendition was made by defendants as to

any lots in the town of Sanford, and neither were there any assessments made by the plaintiff. Under this record we are unable to determine the number of acres in the Sanford townsite. There is testimony in the record to sustain the holding by the court that defendants rendered for taxes all the acreage owned by them in the two sections and had paid all taxes due thereon.

It was the contention of the plaintiff that because the patents to the two sections showed there were 1,280 acres in the two sections, and as soon as it was called to the attention of the defendants that they had not rendered and paid taxes upon the lots, that they began to pay the taxes on these lots and had paid the taxes thereon after 1954, and also continued to pay taxes on the 625 and 564.3 acres that that was an admission they owed and had not paid the taxes on the lots for the years of 1942 to 1953, inclusive. The patents were issued to other parties than defendants.

 If defendants rendered all the land they owned in Sections 81 and 82 and paid all taxes assessed thereon, and there is evidence that they did, it was immaterial whether they rendered the property as lots or acreage. McMickle v. Rochelle, 59 Tex.Civ.App. 91, 125 S.W. 74. To hold otherwise would be double taxation.

There is sufficient evidence in this case for the trial court to hold that all the land owned by defendants in the two sections is 1189.3 acres. There is also evidence in the record that there was approximately 283 acres in the lots owned by defendants. If that be true, and the trial court was justified in so finding, and the defendants are now paying taxes on the 283 acres, being the lots in question, and also on the 625 and 564.3 acres they are now paying on 1,472.3 acres. This would be 192.3 acres more than even shown in the patents. According to estimate there were approximately 1,550 lots in the Sanford Townsite, and most of the record is based upon defendants owning 1,185 of these lots,

which would leave other parties owning 365 lots. If there were approximately 283 acres in the 1,185 lots then there were approximately 90 acres in the other 365 lots, assuming, of course, all lots were the same size, which would be almost the exact difference between the 1,280 acres shown in the patents and the 1,189.3 acres rendered for taxes.

Under this record, we cannot hold that the trial court erred in holding that the defendants had paid all taxes due the plaintiff upon the land in question. In rendering judgment that plaintiff take nothing by this suit, and it being the theory of defendants that they had paid all taxes due, the trial court must have held defendants had paid all taxes and brought themselves within subd. 2 of Article 7329 Vernon's Ann. Texas Civil Statutes.

Judgment of the trial court is affirmed.